FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 24, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRAVIS PENDELL,<br><br>    Plaintiff,<br><br>    v.<br><br>SPOKANE COUNTY, WASHINGTON; LARRY H. HASKELL, in both his official capacity as Spokane County Prosecutor and individually; and JOHN F. DRISCOLL, in both his official capacity as Deputy Prosecutor and individually;<br><br>    Defendants. | NO. 2:19-CV-00426-SAB<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR EXPEDITED HEARING AND GRANTING MOTION FOR PROTECTIVE ORDER AND STAY OF DISCOVERY** |

Before the Court are Defendants' Motion for Protective Order and Stay of Discovery, ECF No. 19, and associated Amended Motion for Expedited Hearing, ECF No. 22. The motions were considered without oral arguments and on an expedited basis. Defendants request that the Court enter a protective order and stay discovery until the issues of immunity are resolved pursuant to Federal Rule of Civil Procedure 26(c). ECF No. 19 at 1-2. In response, Plaintiff argues that a protective order and stay of discovery is not appropriate. ECF No. 23. Plaintiff

**ORDER GRANTING DEFENDANTS' MOTION FOR EXPEDITED HEARING AND GRANTING MOTION FOR PROTECTIVE ORDER AND STAY OF DISCOVERY * 1**

does not oppose the consideration of Defendants' request on an expedited basis. Having reviewed the briefing and relevant caselaw, the Court grants Defendants' request for a protective order and stay of discovery.

## Facts

Briefly, Plaintiff has brought suit against Defendants for placing him on the Potential Impeachment Disclosure List ("PIDL") or, as he calls it, the "*Brady* list" on December 20, 2019. ECF No. 12 at ¶ 17. Parties agree that Plaintiff was placed on the PIDL due to an incident that allegedly occurred while Plaintiff was employed at the Cheney Police Department. *Id*. At a status conference on February 25, 2020, Defendants notified the Court and Plaintiff that they intended to file a Motion to Dismiss on absolute immunity and immunity under the Eleventh Amendment. ECF No. 15. The Court set a filing deadline of April 17, 2020 for any such motion. ECF No. 16. On March 6, 2020, Plaintiff served his first set of discovery requests on Defendants. ECF No. 19 at 3.

## Legal Standard

Rule 26(c) provides that a party from whom discovery is sought may seek a protective order and the court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1). The court may also stay discovery pursuant to this Rule. Fed. R. Civ. P. 26(c)(1)(A).

District courts have wide discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Indeed, the Supreme Court has repeatedly recognized that district courts should stay discovery pending a ruling on immunity to further the goals of efficiency and preservation of judicial resources. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). In the context of Rule 12 motions, "[i]f, taking the facts as stated in the complaint, the defendant is entitled to immunity, no discovery should

**ORDER GRANTING DEFENDANTS' MOTION FOR EXPEDITED HEARING AND GRANTING MOTION FOR PROTECTIVE ORDER AND STAY OF DISCOVERY \* 2**

be permitted…" *Butler v. San Diego Dist. Attorney's Office*, 370 F.3d 956, 964 (9th Cir. 2004) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). If the plaintiff passes this initial hurdle and shows that immunity does not apply, he is entitled to enough discovery to permit the court to rule on an eventual summary judgment motion under Rule 56. *Id.* at 964.

Defendants indicate that their Motion to Dismiss will be filed pursuant to Fed. R. Civ. P. 12(c). ECF No. 19 at 3. Rule 12(c) provides that, after the pleadings are closed but early enough not to delay trial, a party may move for judgment on the pleadings. A motion under Rule 12(c) is functionally equivalent to a motion brought under Rule 12(b). *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). A judgment on the pleadings is proper when, assuming the truth of the allegations in the non-moving party's pleadings, the moving party is entitled to judgment as a matter of law. *Rubin v. United States*, 904 F.3d 1081, 1083 (9th Cir. 2018).

**Discussion**

Defendants argue that a protective order and stay of discovery is warranted until the Court rules on their forthcoming motion on immunity grounds. Defendants also argue that a stay is appropriate because responding to the motion to dismiss will not require Plaintiff to engage in discovery; Defendants argue that because the claims they will raise are all questions of law, discovery is not necessary to respond to them. In response, Plaintiff argues that—based on Defendants' answer and affirmative defenses—discovery is necessary to adequately respond.[1] Furthermore, Plaintiff argues that some of Defendants' claims are mixed questions of law and fact for which discovery will be necessary.

---

[1] Plaintiff's response also seems to attack the merits of Defendants' not-yet-filed motion to dismiss. However, the Court will not consider those arguments at this time because Defendants' motion is not yet before this Court.

**ORDER GRANTING DEFENDANTS' MOTION FOR EXPEDITED HEARING AND GRANTING MOTION FOR PROTECTIVE ORDER AND STAY OF DISCOVERY * 3**

Finally, Plaintiff argues that a stay is not warranted because it would create case management problems and would not dispose of the entirety of his claims.

Once Defendants' Rule 12(c) motion is before the Court, the Court will accept the assertions in Plaintiff's First Amended Complaint as true and draw any and all inferences in favor of Plaintiff as the nonmoving party. *See Yakima Valley Mem'l Hosp. v. Wash. State Dep't of Health*, 654 F.3d 919, 925 (9th Cir. 2011). Because Defendants' motion to dismiss is based on official immunity claims—and "official immunity is an immunity from suit, rather than a mere defense to liability"—discovery should be stayed until after the Court has an opportunity to consider the motion. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Hanigan v. City of Kent*, 2006 WL 2350177 at *2-3 (W.D. Wash. Aug. 11, 2006) (noting that immunity claims are limits on "broad reaching" discovery and requiring defendant to file a motion to dismiss within a certain time frame in granting motion to stay discovery). On this basis alone, the Court grants Defendants' motion and stays discovery until the Court decides Defendants' forthcoming motion to dismiss.

Plaintiff's arguments to the contrary are not persuasive. Defendants' grounds for dismissal are questions of law, not fact, for which additional discovery is not required. For example, whether a defendant is entitled to Eleventh Amendment sovereign immunity is a question of law, not fact. *BV Eng'g v. Univ of Cal., Los Angeles*, 858 F.2d 1394, 1395 (9th Cir. 1988). In addition, the Eleventh Amendment does not apply only when a state is a named party; rather, if a party is a state actor, regardless of their title, Eleventh Amendment immunity may apply. *Ceballos v. Garcetti*, 361 F.3d 1168, 1182 (9th Cir. 2004), *rev'd and remanded on other grounds*, 547 U.S. 410 (2006). Second, the question of whether prosecutorial immunity applies is also a legal question. *See Eklund v. City of Seattle Mun. Court*, 628 F.3d 473, 484 (9th Cir. 2010) (qualified prosecutorial immunity); *Genzler v. Longanbach*, 410 F.3d 630, 636 (9th Cir. 2005) (absolute prosecutorial immunity).

**ORDER GRANTING DEFENDANTS' MOTION FOR EXPEDITED HEARING AND GRANTING MOTION FOR PROTECTIVE ORDER AND STAY OF DISCOVERY * 4**

Third, whether a Plaintiff has suffered a deprivation of liberty or property by Defendants' actions is, again, a question of law. *Blantz v. California Dep't of Corr. & Rehab., Div. of Corr. Health Care Servs.*, 727 F.3d 917, 925 (9th Cir. 2013). Plaintiff is also incorrect that the question of whether the statute of limitations has lapsed is a question of fact. *See Rivas v. Overlake Hosp. Med. Ctr.*, 164 Wash.2d 261, 267 (2008) ("whether a case was filed within the statute of limitations is normally a question of law to be determined by a judge."). Thus, taking the allegations in Plaintiff's First Amended Complaint as true, no discovery is necessary to resolve any of the immunity defenses Defendants indicate they will raise in their forthcoming Rule 12(c) motion.

## Conclusion

Because Defendants' motion to dismiss is based on official immunity claims—and "official immunity is an immunity from suit, rather than a mere defense to liability"—discovery should be stayed until after the Court has an opportunity to consider the motion. *See Mitchell*, 472 U.S.at 526 . The Court grants Defendants' request for a stay because it furthers the goals of efficiency and is required by principles of stare decisis.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Amended Motion for Expedited Hearing, ECF No. 22, is **GRANTED**.

2. Defendants' Motion for Protective Order and Stay of Discovery, ECF No. 19, is **GRANTED**.

//
//
//
//
//

**ORDER GRANTING DEFENDANTS' MOTION FOR EXPEDITED HEARING AND GRANTING MOTION FOR PROTECTIVE ORDER AND STAY OF DISCOVERY \* 5**

3. The stay will be lifted and discovery will commence, if necessary, after the Court reaches a decision on Defendant's forthcoming Rule 12(c) motion.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 24th day of March 2020.



_Stanley A. Bastian_
Stanley A. Bastian
United States District Judge

**ORDER GRANTING DEFENDANTS' MOTION FOR EXPEDITED HEARING AND GRANTING MOTION FOR PROTECTIVE ORDER AND STAY OF DISCOVERY \* 6**